IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re Application of<br>CHEVRON CORPORATION, a Delaware<br>corporation,<br><br>          Applicant,<br><br>3TM CONSULTING, LLC, a Texas limited<br>liability corporation, and 3TM<br>INTERNATIONAL, INC., a Texas corporation,<br><br>          Respondents. | CIVIL ACTION NO. 4:10-mc-134 |

**EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING
CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE TAKING OF A
DEPOSITION AND THE PRODUCTION OF DOCUMENTS FROM 3TM**

Based upon the annexed declarations of Andrea E. Neuman and Samantha A. Lunn and the

accompanying memorandum of points and authorities, Chevron Corporation ("Chevron") hereby

applies to this Court *ex parte* for an Order, pursuant to 28 U.S.C. § 1782, and Rules 26, 30 and 45 of

the Federal Rules of Civil Procedure, granting Chevron leave to serve 3TM International, Inc. with

a subpoena annexed to the Declaration Samantha A. Lunn as Exhibit A, and leave to serve 3TM

Consulting, LLC ("3TM") with a subpoena annexed to the Declaration Samantha A. Lunn as

Exhibit B.

The requested relief is for the purpose of obtaining limited, but necessary, discovery for use

in a civil proceeding currently pending before a foreign tribunal: *Maria Aguinda y Otros v. Chevron

Corporation,* a suit filed in 2003 against Chevron in the Superior Court of Nueva Loja, Ecuador (the

"Lago Agrio Litigation").  In sum, Chevron seeks documents and a deposition from 3TM because

its work product appears secretly to have been adopted by a testifying expert in the Lago Agrio

Litigation.  This expert's report, which purports to provide the basis for a $27 billion "damage

assessment" against Chevron, is now at issue in the Lago Agrio Litigation.

Chevron is a party to and thus an "interested person" in the Lago Agrio Litigation under Section 1782, and the discovery sought is for use in that proceeding. And the target of this discovery, namely 3TM, is found within this district.  Chevron thus meets all the statutory criteria for the issuance of an order allowing the requested discovery. 28 U.S.C. § 1782.  Moreover, as set forth in its Memorandum of Points and Authorities filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* Application.  Chevron thus respectfully requests that its Application be granted.

DATE:  March 29, 2010

Respectfully submitted,


  /s/ Samantha A. Lunn
Samantha A. Lunn, Esq.
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
T: 214.698.3193
F: 214.571.2901
E: SLunn@gibsondunn.com
Texas State Bar No. 24050595

Andrea E. Neuman, Esq.
(pro hac vice admission forthcoming)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, California 92612
T: 949.451.3937
F: 949.451.4220
E: ANeuman@gibsondunn.com

Scott A. Edelman, Esq.
(pro hac vice admission forthcoming)
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, California 90067-3026
T: 310.557.8061
F: 310.552.7041
E: SEdelman@gibsondunn.com

Attorneys for Applicant

**EX PARTE PETITION AND APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782**

100818477_3.DOC