IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re Application of<br>CHEVRON CORPORATION, a Delaware corporation,<br><br>Applicant,<br><br>3TM CONSULTING, LLC, a Texas limited liability corporation, and 3TM INTERNATIONAL, INC., a Texas corporation,<br><br>Respondents. | CIVIL ACTION NO. 4:10-mc-134 |

### ORDER GRANTING APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE TAKING OF A DEPOSITION AND THE PRODUCTION OF DOCUMENTS FROM 3TM

The Application for an Order under 28 U.S.C. § 1782 Permitting Chevron Corporation ("Chevron" or "Applicant") to Issue a Subpoena for the Taking of a Deposition and the Production of Documents ("Application") came on for hearing by *ex parte* application. By its Application, Chevron seeks discovery from 3TM International, Inc. and 3TM Consulting, LLC. All evidence, arguments, and law having been duly considered the Court rules as follows:

The Application is GRANTED. The Court hereby GRANTS Applicant leave to serve 3TM International, Inc. with a subpoena annexed to the Declaration of Samantha A. Lunn ("Lunn Decl.") as Exhibit A, and to serve 3TM Consulting, LLC with a subpoena annexed to the Declaration of Samantha A. Lunn as Exhibit B.

In so ruling, the Court finds that the requirements of Section 1782 are met. First, Respondent resides or may be found in the Southern District of Texas. Second, the discovery sought is for use in a proceeding currently pending before a foreign tribunal: *Maria Aguinda y Otros v. Chevron Corporation* pending in the Superior Court of Nueva Loja, Ecuador (the "Lago Agrio Litigation").

Third, as a litigant in that proceeding, Chevron is an "interested person" within the meaning of Section 1782. The Court further finds that the discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 weigh in favor of granting the Application. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome.

The Court finds that the Respondent is not a "participant" in the Lago Agrio Litigation within the meaning of Section 1782. Ecuadorian Courts historically have been receptive to Section 1782 assistance from federal courts. *See In the Matter of Compania Chilena de Navegacion Interoceanica S.A.*, No. 03 CV 5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995). The Court finds that the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions, and the discovery is not being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). Based on the evidence submitted, Chevron's request for discovery is a good faith effort to obtain probative evidence. Finally, the Court finds that the discovery requests are not unduly intrusive or burdensome. The discovery requested goes to central issues in the foreign proceeding and would be permitted under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 4/5/2010

_____
United States District Court Judge

100818461_3.DOC